**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Kane Revit, | No. CV-10-1653-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| First Advantage Tax Consulting Services, LLC, | |
| Defendant. | |

Debra Kane has filed suit against her former employer, First Advantage Tax Consulting Services, LLC, for wrongful termination in violation of Arizona's Employment Protection Act, A.R.S. § 23-1501 ("EPA"). Doc. 1-1. Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 9. The motion is fully briefed. Docs. 10, 11, 12. For reasons stated below, it will be denied.[1]

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard "'does not impose a probability requirement at the

---

[1] Plaintiff's request for oral argument (Doc. 13) is denied because the issues have been briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to prove [the] claim." *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

To state a claim to relief under the EPA's retaliation provisions, A.R.S. § 23-1501(3)(c)(i) and (ii), Plaintiff must allege that she was terminated for refusing to violate Arizona law or for reporting what she reasonable believed to be a violation of Arizona law by Defendant or a coworker. The complaint alleges that on April 23, 2009, Plaintiff notified Defendant's president, Beth Henricks, and human resource representative, Lisa Boan, that the company had engaged in several specific violations of Arizona law, including unlawful billing practices, and that Plaintiff had been directed, but refused, to sign credit memos designed to coverup the deceptive practices. Doc. 1-1 ¶¶ 8-11. The complaint further alleges that on April 29, 2009, Plaintiff sent a confidential memorandum to Boan summarizing the April 23 meeting and reiterating several of the violations Plaintiff had reported during that meeting. *Id.* at 12. Finally, the complaint alleges that as a result of Plaintiff's reports of illegal conduct and her refusal to engage in or facilitate such conduct, Defendant terminated her employment on May 7, 2009. *Id.* ¶ 15. These factual allegations, when accepted as true and construed in Plaintiff's favor, are sufficient to state a retaliation claim under the EPA.

Defendant asserts that the complaint's allegations do not foreclose the inference that Plaintiff was terminated for a legitimate reason or otherwise show that Defendant acted with retaliatory animus. Doc. 10 at 5. But where "adverse employment decisions are taken within a reasonable period of time after complaints of [unlawful activity] have been made, retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000); *see Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (noting that federal Title VII case law is persuasive in interpreting Arizona's employment law statutes). Plaintiff was terminated two weeks after reporting the alleged unlawful conduct, and only one week after putting her concerns in writing. Doc. 1-1 ¶¶ 8, 13, 15. Retaliation reasonably may be inferred from this temporal proximity. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1069 (9th Cir. 2004) (causation could be inferred from

1 nine-day lapse between complaint of discrimination and termination); *see also Poland v. Chertoff*, 494 F.3d 1174, 1181 n.2 (9th Cir. 2007) (noting that at "the prima facie stage of a retaliation case, 'the causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated'") (citation omitted).

Defendant further asserts that causation is lacking because the complaint contains no allegation identifying who made the decision to terminate Plaintiff. Doc. 12 at 5-6. But this fact may be "peculiarly within the knowledge of Defendant[.]" *Infosonics Corp. v. LG Elecs., Inc.*, No. 09CV167-MMA (BLM), 2010 WL 3339493, at *3 (S.D. Cal. Aug. 23, 2010). Moreover, prior to her termination, Plaintiff served as a vice president overseeing a staff of nearly 50 professionals. Doc. 1-1 ¶ 6. It is plausible that Henricks and Boan, in their respective roles as president and human resource representative (Doc. 1-1 ¶ 8), were involved in the decision to terminate Plaintiff.

The complaint gives Defendant "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff has met her "burden of pleading a claim for relief that is plausible[.]" *al-Kidd*, 580 F.3d at 977. The motion to dismiss will be denied.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 9) is **denied**.
2. Plaintiff's request for oral argument (Doc. 13) is **denied**.

DATED this 25th day of October, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge