**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Kane Revit,<br><br>  Plaintiff,<br><br>vs.<br><br>First Advantage Tax Consulting Services, LLC,<br><br>  Defendant. | No. CV-10-1653-PHX-DGC<br><br>**ORDER** |

Plaintiff filed suit against her former employer for wrongful termination in violation of the anti-retaliation provisions of the Arizona Employment Protection Act ("AEPA"), A.R.S. § 23-1501(3)(c)(i)-(ii). The complaint alleges that Plaintiff was terminated for refusing to violate Arizona law or for reporting what she believed to be a violation of Arizona law by Defendant. Doc. 1-1.

Plaintiff has filed a motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Doc. 23. The motion is fully briefed. Docs. 27, 31. For reasons stated below, the Court will grant the motion.[1]

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiff seeks leave to add a common law claim for wrongful termination in violation of public policy, as established in *Wagenseller v. Scottsdale Memorial Hospital*, 710 P.2d 1025 (Ariz. 1985). The proposed amendment would be futile as a matter of law, Defendant contends, because *Wagenseller* has been superseded by the AEPA. The Court cannot agree.

The Arizona Supreme Court has explicitly declined to answer the question whether a common law wrongful termination claim "may still be asserted independent of the AEPA." *Logan v. Forever Living Prods. Int'l, Inc.*, 52 P.3d 760, 764 (Ariz. 2002). Indeed, "[w]hether a common law tort for wrongful termination still exists after the AEPA is an open and much debated question in Arizona law." *Galati v. Am. W. Airlines, Inc.*, 69 P.3d 1011, 1015 (Ariz. Ct. App. 2003). "Both *Logan* and *Galati* remain good law in Arizona and establish support for Plaintiff that, contrary to [Defendant's] steadfast assertion otherwise, Plaintiff's common law tort for wrongful termination is not foreclosed as a matter of law merely based upon the enactment of the AEPA." *Lombardi v. Copper Canyon Acad., LLC*, No. 09-CV-8164-PCT-PGR, 2010 WL 3775408, at *8 (D. Ariz. Sept. 21, 2010).

The Court recognizes that the proposed common law claim may be redundant of the statutory claim to the extent it is premised on retaliation for Plaintiff's refusal to violate Arizona law or for reporting a violation by Defendant. *See* A.R.S. § 23-1501(3)(c); *Logan*, 52 P.3d at 764 (finding it unnecessary to determine the viability of a common law claim given that the plaintiff's claim existed under the statute). But the proposed claim also alleges that Plaintiff was terminated in violation of the public policy against dishonest, fraudulent, or negligent conduct and in favor of protecting Arizona

- 2 -

residents' confidential personal information submitted to the government or others. Doc. 23 at 10, ¶ 26. The Court cannot, on the present record, determine as a matter of law that the proposed amendment would be futile.

Plaintiff is advised, however, that "since the inception of the AEPA, common law wrongful discharge claims based upon public policy are limited, as the legislature now favors the comprehensive statutory scheme of the AEPA." *Lombardi*, 2010 WL 3775408, at *8 n.9. Plaintiff ultimately "bears the burden of establishing a prima facie case with authoritative support therefor." *Id.*

Defendant contends that the motion for leave to amend should be denied on the ground of undue delay. This Circuit has made clear that "'undue delay by itself is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 757, 758 (9th Cir. 1999)); *see DCD Programs*, 833 F.2d at 187. Defendant does not assert prejudice or bad faith on the part of Plaintiff.

Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will grant Plaintiff leave to file an amended complaint.

**IT IS ORDERED:**

1. Plaintiff's motion for leave to file an amended complaint (Doc. 23) is **granted**.

2. Plaintiff shall file the proposed amended complaint (*see* Doc. 23 at 6-11) by **April 15, 2011**.

3. Plaintiff's motion to extend time to reply (Doc. 29) is **granted**.

Dated this 6th day of April, 2011.

_____
David G. Campbell
United States District Judge